UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MATTRESS DISCOUNTERS | ) | Chapter 11 |
|    CORPORATION | ) | |
|    and | ) | Case Nos. 08-21642 (TJC) and |
| MATTRESS DISCOUNTERS | ) | 08-21644 (TJC) |
|    CORPORATION EAST, | ) | |
| | ) | (Jointly Administered Under |
|                Debtors. | ) | Case Nos. 08-21642 (TJC)) |
| | ) | |

**FIRST INTERIM APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES INCURRED BY LINOWES
AND BLOCHER LLP AS LOCAL COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE
<u>PERIOD SEPTEMBER 18, 2008 THROUGH NOVEMBER 30, 2008</u>**

| | |
|---|---|
| Name of Applicant: | Linowes and Blocher LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | September 18, 2008 (Pursuant to an Order dated November 13, 2008) |
| Period for Which Compensation and Reimbursement is sought: | September 18, 2008 through November 30, 2008 |
| Amount of Compensation Sought as Actual, Reasonable & Necessary: | $13,304.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,156.90 |
| This is an: | Interim Application. |

Date:  December 15, 2008                                              LINOWES AND BLOCHER LLP

/s/ Bradford F. Englander
Bradford F. Englander, Esq.
Federal Bar No. 11951
7200 Wisconsin Avenue, Suite 800
Bethesda, Maryland 20814
(301) 961-5125

Local Counsel to Official Committee of
Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MATTRESS DISCOUNTERS | ) | Chapter 11 |
|     CORPORATION | ) | |
|     and | ) | Case Nos. 08-21642 (TJC) and |
| MATTRESS DISCOUNTERS | ) | 08-21644 (TJC) |
|     CORPORATION EAST, | ) | |
| | ) | (Jointly Administered Under |
|         Debtors. | ) | Case Nos. 08-21642 (TJC)) |
| | ) | |

**FIRST INTERIM APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES INCURRED BY LINOWES
AND BLOCHER LLP AS LOCAL COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE
<u>PERIOD SEPTEMBER 18, 2008 THROUGH NOVEMBER 30, 2008</u>**

Linowes and Blocher LLP, ("Applicant"), local counsel to the Official Committee of Unsecured Creditors of Mattress Discounters Corporation and Mattress Discounters Corporation East (the "Committee"), pursuant to 11 U.S.C. §§ 328, 330, and 331 and Fed. R. Bankr. P. 2016(a), submits this First Interim Application for Compensation and Reimbursement of Expenses incurred by Linowes and Blocher LLP ("Applicant") as local counsel to the Official Committee of Unsecured Creditors. The Application covers the period from September 18, 2008 through November 30, 2008. Applicant seeks allowance and payment of $15,460.90, which represents $13,304.00 for services rendered and $2,156.90 for expenses incurred during the period September 18, 2008 through November 30, 2008.

In support of this Application, Applicant respectfully represents:

3

**Background**

1. On September 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Maryland. The Debtors are in possession of their property and managing their affairs as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner as been appointed in these Chapter 11 cases.

2. By order dated September 15, 2008, the Court directed that the Debtors' cases be jointly administered.

3. Debtor Mattress Discounters Corporation ("MDC") was a retailer of mattresses and other bedding products, operating approximately 140 retail stores concentrated in the Mid-Atlantic Region (approximately 90 stores in Delaware, the District of Columbia, Maryland, and Virginia) and the New England region (approximately 50 stores in Massachusetts, New Hampshire and Rhode Island). It also operated a factory located in Maryland where it manufactured mattresses. All such premises are leased. Debtor Mattress Discounters Corporation East ("MDCE") is a non-operating holding company, and substantially all of its assets consist of its ownership of the stock of Debtor MDC.

4. On September 16, 2008 the Court entered an Order (I) Authorizing Debtors To Conduct Store Closing Sales, (II) Approving Guidelines For Store Closing Sales, (III) Authorizing Debtors To Reject Certain Unexpired Leases Of Non-Residential Real Property, and (IV) Granting Related Relief with respect to the New England locations.

5. On September 18, 2008 the United States Trustee held an organizational meeting at which the Committee was appointed pursuant to Section 1102(a)(1) of the Bankruptcy Code.

On September 18, 2008 the Committee selected Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP as its counsel and Linowes and Blocher LLP as its local counsel.

6. On November 13, 2008, this Court entered an Order granting the Application to Retain and Compensate Applicant as Counsel to the Official Committee of Unsecured Creditors.

7. On November 10, 2008, the Court entered an Administrative Order Pursuant to 11 U.S.C. sections 105, 328 and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals (the "Interim Compensation Order"). Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Statement"). The Interim Compensation Order provides for the handling of objections to such Monthly Fee Statements, if any. If there is no objection to a professional's Monthly Fee Statement within twenty (20) days after the date of filing, as provided in the Interim Compensation Order, the Debtors are authorized to pay to such professional (i) interim compensation of 80% of fees requested and (ii) reimbursement of 100% of expenses requested.

8. Furthermore, and also pursuant to the Interim Compensation Order, at four-month intervals or at such other intervals that may be convenient to the Court, professionals are to file and serve on the notice parties an interim fee application filed during the interim fee period. Any payment made pursuant to Monthly Fee Statements or interim fee applications are subject to final approval at a hearing on the professional's final fee application.

9. On December 3, 2008, the Court entered an Order approving the sale of the Mid-Atlantic Assets to RoomStore, Inc.

10. This is Applicant's first interim fee application (the "First Interim Fee Application'"), which seeks interim approval of fees for services rendered and expenses incurred

during the interim fee period from September 18, 2008 through November 30, 2008 (the "First Interim Fee Period").

## Jurisdiction

11.   The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 158(b)(2).  The statutory basis for the First Interim Fee Application is 11 U.S.C. §§ 328, 330, 331 & Fed. R.. Bank. P. 2016(a).

## Compensation Requested

12.   Based on its regular hourly rates for comparable services, Applicant applies for compensation in the amount of $15,460.90, which represents $13,304.00 for services rendered and $2,156.90 for expenses incurred during the First Interim Fee Period.

13.   The invoices, attached hereto as Exhibit "A", identify each attorney or paralegal at Linowes and Blocher LLP who worked on this case and for whose time Applicant is seeking compensation.  Exhibit "A" shows the total number of hours expended by each person, his or her hourly rate, the total compensation requested, itemized expenses and chronological time records.  The daily time records provide detailed descriptions of the services rendered and the time expended by each attorney and paralegal of Applicant.

## Summary of Time and Services Expended

14.   Between September 18, 2008 and November 30, 2008, Applicant incurred 52.40 hours of attorney and paralegal time in connection with this case.  Applicant's services are set forth in detail on a daily basis for each individual rendering services during the First Interim Fee Period in Applicant's computer time entries.  Attached hereto as Exhibit "A" is a copy of such entries.

15.     <u>Local Counsel Services</u> (52.40 Hours).  During the Application Period, Applicant performed various services related to general administration of the local representation of the Committee.  These services included reviewing certain case pleadings, communicating with committee members and lead counsel regarding case status and issues, monitoring the case proceedings by download of documents transmitted through the Electronic Case Filing System, maintaining service lists, calendaring deadlines and hearing dates, attending various meetings and conference calls of the Committee, advising co-counsel and the Committee on local rules and procedures and researching matters regarding the same, filing documents with the Court and attending hearings in the case.

Applicant expended 52.40 hours in this category of services.  This equates to 100% of all hours expended, and equates to fees totaling $13,304.00 for this category.

## The Legal Standard to be Applied

16.     Courts commonly employ an approach known as the "lodestar" formula in assessing attorneys' fees.  Under this approach, courts consider the number of hours of service reasonably devoted to the case multiplied by the attorneys' reasonable hourly rates.  <u>In re LBH Associates Ltd. Partnership</u>, 109 B.R. 157, 158-62 (Bankr. D. Md. 1989).  This sum may be adjusted to reflect the characteristics of the particular case and the reputation of the attorney.  <u>See</u>, e.g., <u>Laffey v. Northwest Airlines, Inc.</u>, 572 F. Supp. 354, 361 (D.D.C. 1983), <u>aff'd in part and rev'd in part</u>, 746 F.2d 4 (D.C. Cir. 1984), <u>cert. denied</u>, 472 U.S. 1021 (1985).

17.     In applying these principles, courts frequently consider the twelve factors set forth in the guidelines originally established in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 714-719 (5th Cir. 1974): (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the

preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee for like work; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved and the results obtained; (9) the experience; reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) attorneys' fees awards in similar cases.

18. These factors were adopted by the Fourth Circuit in Barber v. Kimbrells, Inc., 577 F.2d 216, 226 (4th Cir. 1978), and Anderson v. Morris, 658 F.2d 246, 249 (4th Cir. 1981), and were made applicable to bankruptcy fee applications by Harman v. Levin, 772 F.2d 1150 (4th Cir. 1985). See In re Leonard Jed Co., 103 B.R. 706 (Bankr. D. Md. 1989); In re Morgan, 48 B.R. 148 (Bankr. D. Md. 1985).

19. In Anderson v. Morris, the Fourth Circuit endorsed a three-step approach to the application of the twelve Johnson factors. Id. Under this approach, the court first ascertains the nature and extent of the services provided by counsel from the statements showing the number of hours and explanation of the services rendered. Id. at 249. Second, the court determines the customary hourly rates of compensation. Id. These first two steps are essentially Johnson factors 1 and 5. Id. Finally, the court adjusts the lodestar fee on the basis of the remaining Johnson factors. Id. Applicant submits that an evaluation of the lodestar formula and the Johnson factors in the present case supports its request for fees for the reasons set forth below.

**Lodestar Analysis**

20. <u>Time and Labor Expended</u> (52.40 hours). During the First Interim Fee Period, Applicant expended 52.40 hours of attorney and paralegal time in connection with these cases. The following table summarizes the amount of time spent by each attorney and paralegal.

**Total Time Summary**

|  | Hourly Rate | Hours | Compensation |
|---|---|---|---|
| **Partners** | | | |
| Bradford F. Englander | $350.00 | 16.00 | $5,600.00 |
| James. A. Vidmar, Jr. | $350.00 | 4.50 | $1,575.00 |
| **Associates** | | | |
| Jennifer Larkin Kneeland | $290.00 | 9.60 | $2,784.00 |
| **Paralegals** | | | |
| Katy J. Le Vie | $150.00 | 14.10 | $2,115.00 |
| Nova A. Constantino | $150.00 | 8.20 | $1,230.00 |
| | | | |
| TOTAL | | **52.40** | **$13,304.00** |

Throughout the First Interim Fee Period, Applicant provided the Committee with a full range of high quality legal services, while at the same time being conscientious about the amount of time and labor expended on each matter.

### Novelty and Difficulty of Questions Raised

21. Applicant rendered thorough and competent services on various matters in this case during the First Interim Fee Period. These matters required analysis of difficult issues stemming from Debtors' complex affairs and extreme financial circumstances. Furthermore, the emergency nature of certain matters addressed by Applicant required Applicant to respond on an expedited basis at times.

### Skill Required to Properly Perform the Legal Services Rendered

22. As more fully set forth above, Applicant addressed difficult, complex issues during the First Interim Fee Period. A significant degree of skill, care and organization was needed to properly address these questions, actively participate in negotiations and effectively respond to the subject matter of the case.

23. At all times, Applicant attempted to efficiently use its expertise to resolve problems effectively and obtain the best results at a reasonable fee. Where possible, routine duties were assigned to junior associates and paralegals in an effort to reduce the cost of representation.

### Counsel's Opportunity Costs in Pursuing the Matter

24. Applicant did not did not decline any cases solely because of the time devoted to this case.

### Customary Fee for Similar Work

25. Applicant's request for compensation is based on its customary hourly rates, which are the same rates charged by Applicant for non-bankruptcy services. These rates are equal to, if not lower than, those charged by comparable firms in this area for similar cases. The hourly rates set forth above vary by attorney and paralegal, depending on experience, subject matter, expertise and seniority.

### Fee is not Contingent

26. Applicant did not undertake this case on a contingency basis. This Court approved the Committee's employment of Applicant on the basis that Applicant would bill at Applicant's normal hourly rates, subject to Court approval. Therefore, Applicant assumed a risk and delay in payment that is greater than services performed for clients outside of the bankruptcy context.

### Time Limitations Imposed by Client and Circumstances

27. As is customary in Chapter 11 cases, certain matters required Applicant to respond on an expedited basis.

### Amount Involved and Results Obtained

28. Applicant has contributed to the cases by timely responding to the needs of the Committee and contributing to the Committee's participation in all aspects of the cases.

### Experience, Reputation and Ability of Applicant

29. Applicant and its predecessors have had extensive experience in all types of insolvency proceedings. Applicant and its predecessors have represented debtors and creditors' committees in numerous Chapter 11 proceedings, trustees in bankruptcy, and secured claimants and interest holders. The firms have had experience with all forms of insolvency and debtor/creditor work, including state court proceedings and common-law compromises.

### Undesirability of the Case

30. In undertaking representation of the Committee as local counsel, Applicant is necessarily subjected to delays and risks in obtaining payment of compensation, which Applicant does not have in representing clients outside of Chapter 11 proceedings. The cases otherwise are not undesirable.

### Nature and Length of Professional Relationship

31. Applicant was not involved with the Committee prior to these cases.

32. Applicant has not shared or agreed to share any compensation for services rendered in these cases with any person other than its members.

### Attorney's Fee Awards in Similar Cases

33. Applicant believes that counsel involved in similar cases in this metropolitan area have been awarded fees similar to those requested here.

**Expenses**

34. Applicant necessarily incurred the following out-of-pocket expenses in connection with services it rendered to the Committee during the First Interim Fee Period totaling $2,156.90. A summary of these expenses follows:

| Filing fees | $200.00 |
|---|---|
| Photocopying | $1,474.40 |
| Postage | $359.11 |
| Telephone | $.13 |
| Deliveries | $33.50 |
| Online research | $89.76 |
| **TOTAL** | **$2,156.90** |

35. All services for which compensation is requested by Applicant were performed for and on behalf of the Committee and not on behalf of any other person or entity. Further, Applicant has received no payments or promises for payment from any other source for the services rendered or to be rendered in connection with this case, and there is no agreement or understanding for the sharing of compensation to be received for such services.

36. The compensation for services rendered by Applicant, computed at the hourly rates by Applicant during the Application Period, is $13,304.00. Applicant necessarily incurred $2,156.90 in related out-of-pocket expenses during the Application Period. The total amount sought for approval by applicant is $15,460.90.

37. This Application is in substantial conformity with Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland.

WHEREFORE, Applicant prays that this Court enter its order granting the First Interim Applicant for allowance of compensation for services rendered and reimbursement of expenses incurred as local counsel to the Official Committee of Unsecured Creditors for the period September 18, 2008 through November 30, 2008 in the total amount of $15,460.90, such amount representing $13,304.00 allowance of compensation for services rendered to the Committee, and reimbursement of $2,156.90 in related expenses necessarily incurred during the Application Period and authorizing and directing the Debtors to pay such amounts forthwith that have not been previously paid pursuant to Monthly Fee Statements.

Date:   December 15, 2008                                LINOWES AND BLOCHER LLP

/s/ Bradford F. Englander
Bradford F. Englander, Esq.
Federal Bar No. 11951
7200 Wisconsin Avenue, Suite 800
Bethesda, Maryland 20814
(301) 961-5125

Local Counsel to Official Committee of Unsecured Creditors

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of December of 2008 a copy of the Application was served via overnight delivery on the following parties:

> Office of the US Trustee
> 6305 Ivy Lane, Suite 600
> Greenbelt, Maryland 20770
> Attn: Lynn Kohen, Esquire, Assistant U.S. Trustee
>
> Tom Brkanovic, VP of Credit Services
> Simmons Bedding Company
> One Concourse Parkway, Suite 700
> Atlanta, Georgia  30328
>
> DLA Piper LLP
> The Marbury Building
> 6225 Smith Avenue
> Baltimore, MD  21209
> Attn:  C. Kevin Kobbe, Esq.
>
> Bingham McCutchen LLP
> 150 Federal Street
> Boston, MA  02110
> Attn:  Andrew J. Gallo, Esq.

/s/ Bradford F. Englander
Bradford F. Englander